OPINION
Defendant-appellant, Roger Ledford, was convicted following a bench trial in Warren County Court on one count of domestic violence in violation of R.C. 2919.25(A). Appellant has timely appealed, contending that the trial court's verdict was against the manifest weight of the evidence.
Appellant and his girl friend, Terry Wilson, lived together, intermittently, for over three years, sharing both expenses and a home. Wilson has two children that do not live with her in the home, Justin Sloan, age sixteen, and Amanda Sloan, age eighteen. Appellant has a daughter, Carrie Ledford, who resides in the home.
On March 11, 1997, Wilson dropped appellant off at a local bar, and several hours later picked him up from the same bar. While driving home, the two quarreled and Wilson, who was experiencing chest pains, exited the vehicle to call an ambulance to take her to a hospital. Later that same evening, Wilson telephoned appellant at home to pick her up from the hospital. However, because she was not able to reach appellant by telephone, Wilson telephoned Justin and Amanda to take her home.
Upon arriving home, Wilson knocked at the door for several minutes before appellant let her inside. Justin and Amanda followed Wilson into the house. Appellant returned to bed, at which point Wilson followed appellant into the bedroom to question why he had not picked her up from the hospital. Shortly thereafter, an argument between Wilson and appellant erupted. After this point, the facts are somewhat in dispute, but there was testimony at trial that appellant struck Carrie, threw Wilson to the floor, and grabbed Wilson by the hair as she attempted to telephone the police.
That evening, appellant was arrested and charged with two counts of domestic violence in violation of R.C. 2919.25(A). R.C.2919.25(A) provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." One count concerned appellant's daughter, Carrie, the other count concerned Wilson. Following a bench trial held on April 22, 1997, appellant was convicted of the count concerning Wilson. Appellant has appealed his conviction and raises the following assignment of error:
 THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant's argument appears to be based upon minor factual discrepancies in the testimony presented. The argument therefore is primarily directed to the credibility or weight the presented evidence was given by the fact finder. Specifically, appellant contends that the testimony offered by the prosecution in support of the offense charged was vague, uncertain and fragmentary, such that the trier of fact could not have been convinced of appellant's guilt beyond a reasonable doubt.
It is axiomatic that in a bench trial the trial judge acts as the trier of fact. The court below considered appellant's version of the events of March 11, 1997 and weighed that version against the other testimony presented at trial. In doing so, the trial judge determined the credibility of witnesses and the weight to be given the evidence. See State v. Walker (1985), 26 Ohio App.3d 29,32 certiorari denied (1987), 480 U.S. 916, 107 S.Ct. 1369, citing State v. Dehass (1967), 10 Ohio St.2d 230.
"Where reasonable minds can reach differing conclusions upon conflicting evidence, a determination as to what occurred is a question for the trier of fact. It is not the function of an appellate court to substitute its judgement for that of the fact finder." State v. Jenks (1991), 61 Ohio St.3d 259, 279. A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could conclude that all the elements of an offense have been proven beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Thompkins (1997), 78 Ohio St.3d 380,387.
After a through review of the record in this case, we find that appellant's conviction on the charge of domestic violence was not against the manifest weight of the evidence. There was evidence presented by the state which, if believed by the trial judge, would allow him to conclude that all of the elements required for a domestic violence conviction were proven beyond a reasonable doubt. State v. Eskridge (1988), 38 Ohio St.3d 56,59.
Three witnesses testified for the state. First, Wilson testified that when she and appellant began to argue, Justin and Amanda were standing in the bedroom doorway. Wilson testified that at some point during the argument Amanda interjected a derogatory comment directed to appellant concerning his daughter, Carrie. In reaction to that comment, Wilson stated appellant reached for Amanda. At that point, Wilson testified that Carrie stepped into appellant's path to break up the scuffle. In the melee, Wilson testified the appellant struck Carrie. Wilson also testified that appellant "picked me up and threw me and I went and hit the waterbed and hit the floor." Finally, as she tried to call the police, Wilson testified that appellant "grabbed my hair and * * * knocked me against the wall."
Justin testified that after he entered the home with Wilson and Amanda the argument started, and he saw appellant grab Wilson, throw her and pull her by the hair as she attempted to call the police. Justin also testified he saw appellant strike Carrie once.
Amanda testified that after her comment to appellant concerning Carrie, appellant "blew his top and went just ballistic and tried to swing at me." Amanda further testified that appellant struck Carrie several times and that appellant then picked Wilson up and "threw her to the floor where she hit her head."
Appellant's daughter, Carrie, testified on behalf of appellant. Carrie stated that around midnight she awoke to raised voices. She got up and eventually went into appellant's bedroom to try and calm everyone down. Carrie denied she was ever struck by appellant, and testified that appellant simply "pushed" people as he was trying to get out of his bedroom.
Appellant testified that he was in bed when Wilson, Justin, and Amanda arrived from the hospital. After unlocking the door, appellant returned to bed. Appellant testified that Wilson began "hollering" at him. Further, appellant stated that after Amanda's comment concerning Carrie, he got up out of bed, but denied ever striking Carrie. Appellant did admit, however, there was "a little pushing, I guess you'd call it, going on."
Following the conflicting testimony of these five witnesses, the trial court found appellant guilty of the count of domestic violence against Wilson. Based upon the record before this court, we cannot find that appellant's conviction was against the manifest weight of the evidence. All three witnesses testifying on behalf of the state testified that appellant was angry, took a swing at Amanda, and struck Carrie. Additionally, all three of the state's witnesses testified that appellant forcibly threw Wilson to the floor. Two witnesses for the state testified that appellant grabbed Wilson by the hair as she attempted to telephone the police.
Accordingly, we find that the appellant's conviction for domestic violence is not against the manifest weight of the evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.